BOLIN, Judge.
Plaintiff appeals from a judgment rejecting his demands against International Paper Company for damages to a trailer owned and used by plaintiff in hauling wood chips to defendant’s paper company, which trailer was damaged by the alleged negligence of defendant’s employees in unloading the trailer. We affirm the judgment.
In a pre-trial statement the parties agreed the accident did happen on the premises of International Paper Company in Bastrop, Louisiana, on January 10, 1973; that in said accident a 40-foot tandem trailer, owned by M. J. Smith, was damaged to some extent. By amendment to this statement defendant denies the doctrine of res ipsa loquitur is applicable to the instant case.
Defendant denies any negligence proximately causing the damage, alleging the accident was caused or contributed to by the negligence of plaintiff or plaintiff’s employees.
The trial judge gave a comprehensive explanation of the manner in which the hoist, used by defendant company in unloading operations, was operated and how it functions. Unloading is accomplished by backing the trailer into a specially built *438 concrete slot underneath a hoisting machine and the tractor is disconnected from the trailer and pulled clear. A large hook is then lowered and attached to a special device built into the front end of the trailer. A button is punched and held down, which causes the hoisting mechanism to slowly raise the front end of the trailer to a sufficient height to cause the wood chips to slide out of the rear of the trailer.
While the chips are supposed to flow easily out of the trailer, it is not unusual for them to stick. In this case there was testimony the chips were loaded during extremely cold, wet weather and it was necessary to “blow” the chips in on two different days because of the weather conditions, and that the chips were tightly packed when they arrived at the paper company. This is offered as an explanation for all the chips suddenly discharging from the trailer rather than flowing or spilling out of the trailer when it was raised. Testimony of an engineer was that the sudden ejection of the chips created a vacuum inside the trailer which caused the trailer sides and top to cave in, resulting in the damage to the trailer.
Before this court counsel for plaintiff argues defendant’s agent or employee was negligent in failing to use a pole to get the chips flowing; that the use of a pole to dislodge the chips would have rendered it unnecessary for the hoist operator to raise the trailer to its ultimate height, which would have prevented the chips from being expelled suddenly, and the damage would have been averted. We find no merit in this contention.
We find the trial court was correct in concluding that the manner and circumstances under which these chips were loaded into the trailer was a contributing cause of the accidental damage to the trailer and, as a consequence, the doctrine of res ipsa loquitur was inapplicable. This common law doctrine, which our Louisiana courts have allowed to become engrafted in our civil law system, is a rule of circumstantial evidence and should not be confused with substantive law.
The district judge concluded, and we agree, that plaintiff failed to establish by a preponderance of the evidence the negligence of defendant caused the damage.
The judgment is affirmed at appellant’s cost.